UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

STEPHEN BOWERS,

    Petitioner,

v.

WARDEN LAURA Y. ARMSTEAD and
MARYLAND PAROLE COMMISSION,

    Respondents.

Civil Action No. TDC-19-1359

## MEMORANDUM ORDER

Petitioner Stephen Bowers, who is currently incarcerated at the Patuxent Institution in Jessup, Maryland, has filed a self-represented Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court will dismiss the Petition.

### BACKGROUND

The Petition states that Bowers was detained on November 12, 2018 for a parole violation. Bowers asserts that he is entitled to release from detention because he was not provided with a parole revocation hearing within 60 days of his detention. He seeks release so that he can go to a halfway house and enter a drug treatment program.

In their Answer, after stating that Bowers received a revocation hearing on May 17, 2019, Respondents seek dismissal of the Petition on the grounds that Bowers did not exhaust state remedies and that his claim is now procedurally defaulted because he can no longer present the claim to a state court through a habeas petition. Bowers has not filed a Reply to Respondents' Answer.

## DISCUSSION

In general, a federal petition for a writ of habeas corpus by a state prisoner "shall not be granted unless it appears that . . . applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A) (2018). This exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to a § 2241 petition); *see also* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (stating that a district court may apply the rules to a habeas corpus petition not filed under § 2254). Accordingly, before filing the Petition, Bowers had to first pursue remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982). The claim must be fairly presented to the state courts in that both the operative facts and controlling legal principles were before the state court. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).

Here, Bowers asserts that he is entitled to immediate release as he was not afforded a parole revocation hearing within the requisite time period set forth in Maryland regulations. The relevant regulation states that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

Md. Code Regs. 12.08.01.22F(2)(a) (2020). An inmate seeking to challenge detention following the execution of a parole violation warrant may file a habeas corpus petition in state court. *See* Md. Code Ann., Cts. & Jud. Proc., § 3-702(a) (West 2020). As Respondents have asserted that

Bowers had not filed a state habeas petition on this issue, and Bowers has not disputed this contention, the claim is unexhausted and will be dismissed without prejudice. *See Timms*, 627 F.3d at 533. In any event, as Bowers's claim relies only on an alleged violation of a state regulation rather than any alleged violation of a federal right, relief under § 2241 is not available. *See* 28 U.S.C. § 2241(c)(3).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Bowers fails to meet this standard, the Court will not issue a certificate of appealability. Bowers may still seek such a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability. The Clerk shall close this case.

Date: December 15, 2020

THEODORE D. CHUANG
United States District Judge